

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George P. Hudson
County Attorney
Jones County
Anson, Texas

Attention:  Mr. J. Y. Lindsey, Assistant County Attorney

Dear Sir:

Opinion No. O-5685
Re:  Is the Commissioners' Court
required to furnish station-
ery and blanks, necessary in
the performance of his duties,
to the County Surveyor of
Jones County, Texas?

We are in receipt of your communication requesting the opinion of this department, pertaining to the above matter, from which we quote as follows:

"Mr. J. M. Arnett is the duly elected and qualified County Surveyor of Jones County, Texas.

"The enclosed excerpt from the budget adopted by the Commissioners court of this county speaks its decision as to the furnishing of supplies necessary in such office to the incumbent - Marked X

"Article 5283 under Title 56, Chapter 2, Vernon Annotated Statutes Recites among other things that the Commissioners Court shall furnish office space for such officer at the expense of the County.

"Article 5287 same Title and Chapter recites that the Commissioners Court shall furnish him all necessary books of record.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George P. Hudson, page 2


"Article 3899b-Section 2 recites; Suitable
offices, stationery and blanks necessary in the
performance of their duties may IN THE DISCRETION
of the Commissioners Court also be furnished to
certain officers and the County Surveyor is in-
cluded.

"Of course I do not know why the Commission-
ers Court should exercise its DISCRETION in this
matter in refusing to furnish stationery etc to
the County Surveyor, but it is apparent that it
has. It is true that he is not a fee officer nor
officer who is paid any money out of the Officers
Salary Fund, but it appears to me that he is a
County Officer in the same sense that all other
officers are and should be furnished with all nec-
essary equipment for his office named in Articel
3899b, sec. 2.

"Kindly advise me if the County Surveyor can
demand that he be furnished as other officers are
furnished with such articles as are enumerated in
Artice 3899b, Sec. 2?"

Article 3899b, Section 1, V.A.C.S., provides as follows:

"There shall be allowed to County Judges,
Clerks of the District and County Courts, Sher-
iffs, County Treasurers, Tax Assessors and Col-
lectors, such books, stationery, including
blank bail bonds and blank complaints, and of-
fice furniture as may be necessary for their
offices, to be paid for on the order of the
Commissioners Court out of the County Treasury;
and suitable offices shall also be provided by
the Commissioners Court for said officers at the
expense of the county. And such books and sta-
tionery as are necessary in the performance of
their duties shall also be furnished Justices
of the Peace by said Commissioners Court. Pro-
vided all purchases herein must be approved by
Commissioners Court, and must be made under the
provisions of Article 1659, Revised Civil Stat-
utes of Texas, 1925."

Honorable George P. Hudson, page 3

- It is apparent from the reading of the foregoing provision and also from a review of the history of the legislation, that the County Surveyor, is not such an officer as came within the contemplation of the legislature in enacting the above provision.

Article 3899b, Section 2, V.A.C.S., provides that a suitable office, stationery, and blanks necessary in the performance of his duties may in the discretion of the Commissioners' Court also be furnished to the County Surveyor. Article 5283, V.A.C.S., provides as follows:

"A county surveyor shall be elected in each county at each general election for a term of two years. He shall reside in the county and keep his office at the courthouse or some suitable building at the county seat, the rent therefor to be paid by the commissioners' court on satisfactory showing that the rent is reasonable, the office necessary and that there is no available office at the courthouse."

Article 5287, V.A.C.S. provides that the Commissioners' Court shall furnish the Surveyor all necessary books of record.

It is our opinion that the stationery and blanks mentioned in Article 3899b, Section 2, supra, are not the same as the books of record mentioned in Article 5287, supra.

You have stated in your letter to us that the Commissioners' Court of Jones County has exercised its discretion, and has entered its order to the effect that no supplies and blanks be furnished to the Surveyor.

You want to know if the County Surveyor of Jones County can demand of the Commissioners' Court that he be furnished, as other officers are furnished, with the stationery and blanks as enumerated in Article 3899b, Section 2, supra.

Since it would seem from a reading of your letter, that there has been no abuse of discretion on the part of the commissioners in not furnishing the stationery and

Honorable George P. Hudson, page 4

blanks to the Surveyor, it is our opinion that your inquiry should be answered in the negative.

It would seem that it is mandatory upon the Commissioners' Court to furnish the Surveyor all necessary books of record, but it is not obligatory upon them to furnish such officer with stationery and blanks.

Trusting this answers your question satisfactorily, we beg to remain

Yours truly

APPROVED SEP 28, 1943    ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Eugene N. Catlett,
Assistant

ENC/JCP



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN